IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN CYLEAR,                                    *

    Petitioner,                                    *               Civil No. RDB-10-2075

    v.                                              *               Criminal No. RDB-09-0587

UNITED STATES OF AMERICA,                           *

    Respondent.                                     *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

The *pro se* petitioner Jonathan Cylear ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 25, 31, 34). Petitioner challenges his sentence of 78 months, imposed by this Court on March 26, 2010, on the ground that he received ineffective assistance of counsel from his attorney. Pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 25). Also pending are Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 31) and Motion to Amend (ECF No. 34).

Upon review, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). As the Petitioner is proceeding without counsel, his filing has been "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See* Pet. Mot. to Amend at 1 (ECF No. 34). Accordingly, Petitioner's Motion to Amend (ECF No. 34) is GRANTED. For the following reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 25) and Petitioner's Amended Motion to Vacate (ECF No. 31) are DENIED.

BACKGROUND

On December 22, 2009, Petitioner pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(1). Plea Ltr. (Dec. 22, 2009) (ECF No. 18). On March 24, 2010, Petitioner was sentenced to a seventy-eight-month term with credit for time served and four years of supervised release. (ECF No. 21). Judgment was entered on March 26, 2010. (ECF No. 22).

Subsequently, on May 7, 2010, the United States District Court for the District of New Jersey sentenced Petitioner to a twenty-month term of imprisonment for violation of supervised release. *See* Resp't Opp'n to Pet. Mot., Ex. A (ECF No. 27). The New Jersey Court specifically ordered that this term of imprisonment was to "run consecutively with any term of imprisonment under any previous State or Federal sentence." *Id.*

On July 22, 2010, this Court received for filing Petitioner's letter Motion to Vacate (ECF No. 25), which claims ineffective assistance of counsel in Petitioner's case before this Court. Pet. Mot. at 2 (ECF No. 25). Essentially, Petitioner seeks a resentencing of his Maryland sentence so that he may serve his Maryland term concurrently with his New Jersey term. *Id.*

STANDARD OF REVIEW

To establish ineffective assistance of counsel, a defendant must prove both elements of the test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, the defendant must establish that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689.

Secondly, a defendant must show that counsel's performance was so prejudicial as to

"deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. To establish this level of prejudice, the defendant must demonstrate that there is a "reasonable probability[1] that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If the defendant cannot demonstrate both the "deficient performance" element and the "prejudice" element, the ineffectiveness claim will fail. *Id.*, 466 U.S. at 697. A court is under no obligation to consider the elements "in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*

## ANALYSIS

Petitioner claims that his counsel provided him with ineffective assistance in two ways. First, Petitioner alleges that counsel performed deficiently by failing to move to (A) transfer his New Jersey case to Maryland and "consolidate" the cases, or, in the alternative, by failing to move this Court to (B) order that its sentence be concurrent to the later sentence or (C) reduce its sentence to "off-set" the New Jersey sentence. Pet. Am. Mot. at 5 (ECF No. 31). Petitioner claims that these failures denied him a fair trial by causing this Court to issue a longer sentence than it might have issued otherwise. *Id.*

Second, Petitioner alleges that his counsel performed deficiently by failing to honor a promise on which Petitioner claims he based his plea. Pet. Mot. at 1 (ECF No. 25). Petitioner states that his attorney promised to "file a [R]ule 21 [m]otion pursuant to Federal Rule of Criminal Procedure 20(a) to merge the [two cases]," *id.*, and promised that Petitioner "would receive a sentence of (78) [sic] months inclusive of both cases." Pet. Am. Mot. at 5 (ECF No. 31). Petitioner claims that his guilty plea was "premised . . . upon . . . a 'merger' of sentences,"

---

[1] *See also Harrington v. Richter*, 131 S. Ct. 770, 779, (2011) ("substantial likelihood").

Pet. Mot. at 2 (ECF No. 25), and that counsel's failure secure a seventy-eight month sentence,

Pet. Am. Mot. at 5 (ECF No. 31), deprived Petitioner of a fair trial. Pet. Mot. at 2 (ECF No. 25).

For reasons outlined below, both of Petitioner's arguments fail the *Strickland* test.

I.     Counsel's Failure to Move to Transfer and "Consolidate" the Cases, to Move This Court to Order Concurrent Sentences, or to Move This Court to Reduce Petitioner's Sentence Did Not Deny Petitioner a Fair Trial.

Counsel's omission to (A) move to transfer the New Jersey case to Maryland and

"consolidate" Petitioner's cases, (B) move this Court to order concurrent sentences, or (C) move

this Court to "off-set" his New Jersey sentence fails to satisfy the "prejudice" element of the

*Strickland* test. Pet. Mot. at 2 (ECF No. 25); *see Strickland,* 466 U.S. at 694. The "prejudice"

element requires a defendant to demonstrate that there is a "reasonable probability that, but for

counsel's [alleged] unprofessional errors, the result of the proceeding would have been

different." *Strickland,* 466 U.S. at 694. For the reasons that follow, counsel's actions fail to

meet this standard.

A.     Counsel's Failure to Move to Transfer the New Jersey Case and "Consolidate" the Cases Did Not Deny Petitioner a Fair Trial.

Petitioner's argument does not show a "reasonable probability" that the "result of the

proceeding would have been different" if his counsel had moved to transfer the New Jersey case,

*id.*, under Rule 20(a) or Rule 21, or moved to "consolidate" the two cases for sentencing, under

Rule 13.[2] Pet. Mot. at 1 (ECF No. 25); Pet. Am. Mot. at 5 (ECF No. 31). To show that the

_____

[2] Petitioner's claims with respect to Rule 20(a) and Rule 21 are somewhat inconsistent and inspecific. It is not clear whether Petitioner intended to allege that counsel should have filed a motion to transfer pursuant to Rule 20(a), for plea and sentence, or pursuant to Rule 21, for trial. *See* Pet. Am. Mot. at 5 (ECF No. 31); *see also* Pet. Mot. at 1 (ECF No. 25). It is also not clear whether Petitioner, in alleging that counsel should have moved to "consolidate" or "merge[]" the cases, is referring redundantly to counsel's failure to move to transfer or is claiming that counsel should have also filed a motion pursuant to Rule 13, which provides for joinder of cases that could have been charged in the same indictment. *Id.*

In order to construe Petitioner's *pro se* claim "liberally," *Erickson,* 551 U.S. at 94 (citation omitted), the Court has interpreted Petitioner's claim to state that counsel performed deficiently by (1) failing to file a Rule 20(a) or 21 motion in the District of New Jersey and by (2) failing to file a Rule 13 motion in this Court.

"result of the proceeding would have been different" if not for counsel's allegedly deficient performance, Petitioner needed to show that the motion or motions his counsel failed to file would have likely been granted and that the result would have been a "reasonable probability" of a lesser sentence in this Court. *Strickland,* 466 U.S. at 694. However, Petitioner has not provided any evidence to suggest that he would have been likely to succeed on any of the motions or that any such success would have produced a different result in this Court. As the Fourth Circuit has noted, the "mere possibility that the result [of a proceeding] might have been different does not suffice" to establish prejudice. *Hoots v. Allsbrook,* 785 F.2d 1214, 1221 (4th Cir. 1986).

> B.    Failing to Move This Court to Order Concurrent Sentences Did Not Deny Petitioner a Fair Trial.

Additionally, there is no "reasonable probability" that the "result of the proceeding would have been different" if counsel had moved this Court to order concurrent sentences. *Strickland,* 466 U.S. at 694. In *United States v. Smith,* 472 F.3d 222, 227, (4th Cir. 2006), the Fourth Circuit held that a "district court did not have authority to require that its sentence be consecutive to any later sentence" because a contrary result would impose "a Hobson's choice [on the later court] of either ignoring [its] own judgment or disobeying the order of another district court." For the same reason, a district court does not have the authority to require that its sentence be concurrent to any later sentence. Accordingly, this Court could not have ordered the District of New Jersey to impose a concurrent sentence.

> C.    Failing to Move This Court to Reduce Petitioner's Sentence to "Off-Set" His New Jersey Sentence Did Not Prejudice the Case.

Finally, there is no "reasonable probability" that the "result of the proceeding would have been different" if counsel had moved this Court to reduce Petitioner's sentence to "off-set" his

New Jersey sentence. Pet. Am. Mot. at 5 (ECF No. 31); *Strickland*, 466 U.S. at 694. This Court cannot predict the result of a proceeding that is to occur in the future and in another court. Therefore, this Court would have declined to reduce Petitioner's sentence to "off-set" the forthcoming sentence in New Jersey. Pet. Am. Mot. at 5 (ECF No. 31). As there is no "reasonable probability" that the "result of the proceeding would have been different" but for counsel's failure to file the motions as described by Petitioner, there is no "prejudice" under *Strickland. See* 466 U.S. at 694.

II.     Counsel's Alleged Failure to Uphold a Promise of a Concurrent or Reduced Sentence Did Not Deny Petitioner a Fair Trial.

Petitioner's second argument fails to establish "deficient performance." *Strickland*, 466 U.S. at 687. This element requires a defendant to overcome a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance" to demonstrate that counsel's performance fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688–89.

Petitioner states that his counsel performed deficiently by promising Petitioner a sentence of seventy-eight months "inclusive of both cases," on which Petitioner relied when deciding how to plead, and then failing to seek and secure the promised sentence. Pet. Am. Mot. at 5 (ECF No. 31). Even if, *arguendo*, counsel assured Petitioner that he would serve only seventy-eight months in total, counsel's failure to obtain that result does not constitute deficient performance. The Fourth Circuit has held that inaccurate predictions by counsel of the length of a sentence do not constitute ineffective assistance of counsel. *See, e.g., See United States v. Foster*, 68 F.3d 86, 87–88 (4th Cir. 1995)(denying ineffective assistance claim by defendant sentenced as a "career offender" when defendant entered a guilty plea premised upon assurance by counsel that defendant would not be found to be a "career offender"); *and United States v. Lambey*, 974 F.2d

1389, 1395–96 (4th Cir. 1992) (denying claim by defendant who received a 360-month term after pleading guilty on the basis of counsel's assurance that he would receive a sentence of 78–108 months).  Additionally, during Petitioner's Rearraignment examination, Petitioner testified under oath that he was satisfied with his counsel's performance and that his counsel had not failed to meet any of Petitioner's requests.[3]  In addition, he indicated that there were no promises or assurances to him other than those set forth in the plea agreement.  He cannot now claim the opposite and argue that counsel's failure to meet his requests prejudiced the proceeding.  *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (holding that defendant's statement under oath affirming satisfaction with counsel was binding absent "clear and convincing evidence to the contrary.")(*citing Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Amend (ECF No. 34) is GRANTED. Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 25) and Petitioner's Amended Motion to Vacate (ECF No. 31) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from

---

[3] Excerpt from Examination of the Defendant by the Court:

Q.  Are you fully satisfied with Mr. Draper and his representation and the advice which he's given you?
A.  Yes, I am.
Q.  Tell me in your own words the reason for your satisfaction, sir.  Is there anything you've asked him to do that he's not done?
A.  No.  I'm satisfied with his –
Q.  All right.  Has he answered all your questions and analyzed the case for you?
A.  Yes.
Q.  Has he gone over all the evidence with you?
A.  Yes, he has.

Rule 11 Rearraignment Tr.  Transcript is not available in electronic format, but is on file with the Court.

the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate order follows.

Dated:      June 12, 2012

/s/ _____

Richard D. Bennett
United States District Judge